Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Katherine J. Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone No.:562-590-5550
Facsimile No.: 562-590-8400

Attorneys for Plaintiff KIM MATTHEWS, as an individual, and as Administrator of the Estate of Hedwig Nosek. and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

KIM MATTHEWS, as an individual and as Administrator of the Estate of Hedwig Nosek, Deceased, and on behalf of all others similarly situated,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and DOES 1 through 50, inclusive,

Defendants.

Case No.: 8:24-cv-00497-JVS-JDE

**PLAINTIFF'S UNOPPOSED MOTION TO DISMISS CLASS ALLEGATIONS WITHOUT PREJUDICE; DECLARATION OF KATHERINE J. ODENBREIT**

Assigned for all purposes to:
Hon. James V. Selna, Courtroom 10C

Date: September 28, 2026
Time: 1:30 p.m.
Dept.: 10C, 10th Floor

Complaint Filed: March 7, 2024
Trial Date: November 10, 2026

**NOTICE IS HEREBY GIVEN** that on September 28, 2026, at 1:30 p.m., or as soon thereafter as may be heard, in Courtroom 10C of the above-entitled Court, located at Ronald Reagan Federal Building, United States Courthouse, 411 W. Fourth Street, Santa Ana, CA 92701, before the Honorable James V. Selna, Plaintiffs will and hereby do move the Court pursuant to Federal Rules of Civil Procedure ("FRCP") 23(e), for an order dismissing Plaintiffs' class action allegations without prejudice, permitting Plaintiffs to proceed with their claims on an individual basis, and which does not require notice to be sent to the putative class members.

This motion is brought on the grounds that: (1) Plaintiffs believe proving numerosity would be challenging because joinder may be impractical given the potential size of potential class member claims, and (2) it is likely that establishing potential losses experienced by potential class members and membership in the class would require an analysis of their specific Prudential Long Term Care Policy, the level of care provided under the LTC policy and invoices from care providers to determine "exclusions" claimed by Prudential which could raise individualized issues.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Katherine J. Odenbreit, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: August 31, 2026

**MAHONEY LAW GROUP, APC**

Katherine J. Odenbreit

Kevin Mahoney, Esq.
Katherine J. Odenbreit, Esq.
Attorneys for Plaintiff KIM MATTHEWS, individually and as Administrator of the Estate of Hedwig Nosek, Deceased

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action was filed by Plaintiffs on March 7, 2024, against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") as a putative class action. A First Amended Complaint was filed on July 1, 2024, followed by a Second Amended Complaint on September 5, 2024. (Dkt. No. 40). The causes of action include: (1) Breach of Contract, (2) Breach of the Covenant of Good Faith and Fair Dealing, (3) Fraudulent Inducement, (4) Fraud, and (5) Unfair Business Practices (Cal. Bus. & Prof. Code §§17200, *et. seq.*). On October 3, 2024, Prudential filed a Motion to Dismiss Plaintiffs' Second Amended Complaint and Strike Class Allegations. (Dkt. No. 43). The Court granted Prudential's motion to dismiss the causes of action for breach of the covenant of good faith and fair dealing, and the negligent misrepresentation claim. (Dkt. No. 49).

Plaintiff brought this action on behalf of herself individually and as Administrator of the Estate of her mother, Hedwig Nosek and others similarly situated. Plaintiff's mother was a Prudential Long-Term Care policyholder. Certain Prudential Long-Term care policies ("LTC") contain a provision whereby Prudential offers to the policyholder the opportunity to increase their coverage to keep up with inflation ("Inflation Increase Protection" or "Inflation Offers"). When a policyholder receives an Inflation Offer, they can "accept" it for an additional premium.

On February 25. 2026, the Court denied Plaintiffs' Motion for Class Certification without prejudice and continued the deadline for Plaintiffs to obtain additional discovery from Defendant. (Dkt. No. 81). Prior to the deadline to file a renewed motion for class certification, Defendant was ordered to produce information relating to 24 potential class members identified by Defendant during discovery. (Dkt. No. 92). Following Plaintiffs analysis of this additional evidence, Plaintiffs decided not to renew the motion for class certification. Because Prudential asserts it cannot definitively determine if the 24 individuals it identified qualify as class members, it

will be necessary at certification for Plaintiff to set forth evidence of criteria beyond just the number to establish the class is sufficiently numerous to make joinder impractical. "[F]actors such as the geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought" may be considered in analyzing whether numerosity is satisfied. *Reynoso v. RBC Bearings, Inc.,* Case No. SACV 16-01037 JVS (JCGx), 2017 WL 6888305 *5 (C.D. Oct. 5, 2017), decertified on other grounds, citing *Jordan v. L.A. County* 669 F.2d 1311, 1319 (9th Cir. 1982), vacated on other grounds.

Plaintiffs also analyzed whether the potential size of the individual damages at stake for potential class members could weigh against certification because the policy behind certification is to vindicate the rights of a group whose potential damages may be relatively small, applicable to the superiority analysis at certification. *Amchem Prod., Inc. v. Windsor* (1997) 521 U.S. 591, 616-617; *Bowerman v. Field Asset Svcs., Inc.* 60 F.4th 459, 471 n. 8 (9th Cir. 2023).

Prior to determining whether to renew a motion for class certification, Plaintiffs conducted a thorough review and analysis of the policy and claim histories of the potential class members, Plaintiffs' policy history and claim history to consider the potential damages at issue for potential class members, claims of class members beyond the claims proposed to be certified, and the type of evidence required to prove class-wide damages. (Odenbreit Dec., ¶¶4, 5).

Plaintiffs concluded that the value of the individual damages and evidence of the damages of potential class members would likely weigh against certification.
The Ninth Circuit acknowledges that substantial damage awards available to potential class members may weigh against superiority of class certification. *Bowerman supra* at 471 n. 8, citing *Amchem, supra* at 616-17. While Plaintiffs have a good faith belief that Prudential maintained a common practice surrounding the Inflation Offers supports Plaintiffs' claim for breach of contract, Plaintiffs discovered Prudential breached its contracts with potential class members in additional ways by asserting

certain charges for care were "excluded" when the policy did not exclude such charges. (Odenbreit Dec., ¶6). Depending upon how long the policyholder has been receiving benefits under Prudential's LTC policy, these unauthorized charges could range into six figures for which potential class members may be able to seek in individual litigation, but would not be encompassed and/or pursued for a certified class. (*Id.*)

As such, after obtaining this further discovery/evidence, Plaintiffs elected not to file a renewed motion for class certification by May 26, 2026 as set forth in the Court's Order Granting Plaintiff's Motion to Continue Motion for Class Certification (Dkt. No. 81).

## II. THE COURT SHOULD DISMISS PLAINTIFFS' CLASS ALLEGATIONS WITHOUT NOTICE BECAUSE PLAINTIFF'S VOLUNTARY DISMISSAL IS NOT COLLUSIVE OR PREJUDICIAL TO THE CLASS

Federal Rule of Civil Procedure 23(e) states "[t]he claims, issues or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The Ninth Circuit has held that although the language of Rule 23(e) refers only to a "certified class," the Rule also applies to pre-certification dismissals and settlements. *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (overruled on other grounds by *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591). The *Diaz* court indicated that pre-certification approval was necessary to ensure that a dismissal or compromise "is not collusive or prejudicial." *Id*. at 1408.

[T]he district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concessions of class interests made by the class representative or counsel in order to further their own interests. *Id*. "Notice to the class of pre-certification dismissal is not, however required in all circumstances." *Id*.

Courts have consistently held that notice to class members is required only when consistent with the rule's purpose – the protection of absent class members. When the dismissal or settlement of a class action is without prejudice and will not prevent any class member from bringing a subsequent action, courts have held that the notice provision of Rule 23(e) is inapplicable. *Preferred MSO of America-Austin LLC v. Quadramed Corp.*, 85 F. Supp.2d 974 (C.D. Cal. 2008) (quoting *Austin v. Pennsylvania Dept. of Corrections*, 876 F. Supp. 1437, 1455 (E.D. Pa. 1995); see *Newberg* §11.66 ("Broadly interpreted, this language is sufficiently flexible to permit the court to approve a dismissal or a compromise by the named plaintiff individually, but to determine that no class notice at all is required, when the dismissal or compromise will not result in any prejudice to the class.").

Here, Plaintiffs' voluntary dismissal is not collusive or prejudicial to the class and there is no need to send notice of the dismissal to the class. Plaintiffs seek a voluntary dismissal of the class allegations to actually protect and preserve the claims of potential class members' claims. No one has offered Plaintiffs or Plaintiffs' counsel any consideration, direct or indirect, for the dismissal of the class allegations. (Odenbreit Dec., ¶7).

Further, there is no need to require notice to be sent to the putative class in this action. Plaintiff and Plaintiff's counsel are unaware of this case receiving any press coverage or publicity which would have caused class members to rely on this putative class action. (Odenbreit Dec., ¶8). Plaintiff has not received any class contact information from Defendant and no notice has been sent to the putative class which would have alerted them to the existence of this lawsuit. (Odenbreit Dec., ¶8). Accordingly, it is very unlikely that any of the putative class members have refrained from filing their own lawsuit because of any reliance on this action. (Odenbreit Dec., ¶8). The dismissal is precertification and will be without prejudice.

Accordingly, the dismissal will not create a procedural bar to any class member filing a claim or putative class action. Moreover, a filing of an alleged class action tolls

the statute of limitations for all individual claims covered by the class action during the pendency of the suit. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1975). After dismissal, the class members will be in the same position as when the suit was initially filed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff requests the court dismiss the class action claims without prejudice and without notice because voluntary dismissal of class claims absent notice will not result in any prejudice to the putative class members.

Dated: August 31, 2026

**MAHONEY LAW GROUP, APC**

Katherine J. Odenbreit, Esq.
Attorneys for Plaintiffs KIM MATTHEWS individually, and as Administrator of the Estate of Hedwig Nosek, Deceased